UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JILL BLOOMBERG,

          Plaintiff,

v.

THE NEW YORK CITY DEPARTMENT OF
EDUCATION and CARMEN FARINA,

          Defendants.

-----------------------------------------------------------------x

      AFFIRMATION OF
      MARIA L. CHICKEDANTZ

      MARIA L. CHICKEDANTZ affirms that the following is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I am the attorney representing plaintiff in the above-captioned matter.

2.      I respectfully submit this Affirmation in support of plaintiff's Order to Show Cause and Preliminary Injunction.

3.      According to defendants' website, "The Office of Special Investigations investigates allegations of improper and unlawful behavior, including corporal punishment and verbal abuse against students, to help ensure a safe and secure learning environment for New York City's students, staff members, and parents." (Defendants' OSI webpage is found at the following URL: http://schools.nyc.gov/Offices/GeneralCounsel/Investigative/OSI/default.htm).

4.      I have personally represented several DOE employees who have been summoned to give statements to the OSI. Typically, when a DOE employee is being investigated by the OSI, the entire school is also under investigation, as the OSI investigator's job is to identify the scope of the allegations and identify whether other DOE employees are also complicit in the alleged misconduct. Thus, any DOE employee who the OSI believes has information related to the allegations (which typically are not disclosed) will receive a subpoena to appear as a witness

1

in order to provide testimony to the OSI. Employees called as witnesses are warned of their obligation to keep anything related to the investigation "confidential" in order to avoid being reported to SCI for "obstruction of an investigation." Because the allegations of the investigation are not revealed, the witness has no way of knowing if the investigator's questions are relevant, or whether the investigator is on a "fishing expedition" in an attempt to find evidence of misconduct by either the subject of the investigation, or any other employee of the school. Oftentimes, the OSI expands the investigation to include a witness who has provided testimony that the investigator considers evidence of the witness' own guilt of misconduct—whether related to the allegations being investigated or otherwise. At the end of an OSI investigation, neither the subject of the investigation nor the witnesses are ever advised of the outcome, nor are they provided with copies of the final OSI Investigation Report. A DOE employee only discovers that the OSI has found them guilty of misconduct if they are brought up on formal disciplinary charges. (A Redacted OSI Witness Subpoena is attached hereto as Exhibit A).

5.      There is no doubt that an OSI investigation against an employee is an adverse action, as the person being investigated is kept in the dark of the accusations against her and the conduct at issue. Thus, the employee is forced to avoid any type of conduct that could draw any more attention from the OSI, including exercising in constitutionally protected activity. Moreover, an employee can be removed from active duty at any time while she is the subject of the investigation, without being advised of the reasons. An employee who is the subject of an OSI investigation lives in constant fear for her job.

6.      In addition, the employee's colleagues are all aware of the OSI investigation against the employee, and as they are also kept in the dark, they can only assume the worse and are discouraged from interacting with the subject of the investigation. Furthermore, the staff also

suffers from the fear of discipline or termination, as no one knows who will become the next subject of the OSI, and no one knows what conduct is prohibited. A cloud of fear sets over the school, and everyone is chilled from engaging in any sort of activity that would draw the OSI's attention.

7.     The Affidavits of plaintiff and the 5 PSC staff members are evidence of the fear and devastating chill caused to a school by the OSI investigation in the instant matter.

8.     Over the past weeks, after being retained by plaintiff, we made requests to defendants to halt the investigation, and had discussions with the General Counsel's Office of the DOE to explore the possibility of resolving the matter so as to allow defendants to explain what basis they claimed supported the need for the OSI investigation. We were advised that plaintiff was accused of being a member of a communist organization, and accused of recruiting students to the organization's activities by inviting them to "marches for communism," and had therefore violated the neutrality principal of Chancellor's Regulation D-130.

9.     Even if the accusations against plaintiff were true, Chancellor's Regulation D-130 is inapplicable. The regulation, on its face, only applies to electioneering during election years, and encompasses ballot-eligible partisan politics. There is simply no basis for the claimed conduct to be a violation of Chancellor's Regulation D-130. (Chancellor's Regulation D-130 is annexed hereto as Exhibit B).

Dated: New York, New York
       April 28, 2017

_____
Maria L. Chickedantz

3

EXHIBIT A



# Department of Education

Carmen Fariña, Chancellor

**Howard Friedman**
General Counsel

**Charity M. Guerra**
Executive Deputy Counsel

**Jaclyn B. Vargo**
Director

**Christopher J. Dalton**
Deputy Director

**Christina Nowak**
Deputy Director



**OSI CASE #**

The Office of Special Investigations ("OSI") is conducting an investigation into an allegation of employee misconduct. You have been named as an individual who may have information that can aid our investigation. Please note that you are **not** the subject of this investigation.

It is imperative that you contact me, via phone or e-mail, to discuss this matter. Please contact me, or have your union representative contact me, on or before to schedule an interview.

You or your union representative may contact me at **or**

Thank you for your cooperation.

Respectfully,



Confidential Investigator

This is a confidential investigation, the facts of which the assigned investigator may or may not discuss with you at the time that this notice is served upon you. You are not to inquire into or discuss the facts underlying this investigation with anyone at your school other than your union representative. You will be informed of the allegations in full when you appear for your interview.



EXHIBIT B



# Regulation of the Chancellor

| Category: | **POLITICAL ACTIVITIES IN SCHOOL BUILDINGS** | Issued: 6/22/09 | Number: | **D-130** |
|---|---|---|---|---|
| Subject: | USE OF SCHOOL BUILDINGS BY CANDIDATES, ELECTED OFFICIALS AND POLITICAL ORGANIZATIONS, AND CONDUCT OF SCHOOL EMPLOYEES AND OFFICERS WITH RESPECT TO POLITICAL CAMPAIGNS AND ELECTIONS | | Page: | 1 of 1 |

## SUMMARY OF CHANGES

This regulation updates and supersedes Chancellor's Regulation D-130 dated January 15, 2004.

Changes:

This regulation has been revised to:

- Reflect the current Department of Education organization.

- Clarify the procedures for visits to schools during school hours by elected officials and candidates for public office.

- Clarify how staff mailboxes and bulletin boards may be used with respect to political endorsements.

- Clarify that school personnel, while on duty, or in contact with students, may not wear buttons, pins, articles of clothing or any items advocating a candidate, candidates, slate of candidates, or political organization/committee.

## ABSTRACT

This regulation governs the use of school buildings by candidates, elected officials, and political organizations and the conduct of school employees and officers with respect to political campaigns and elections.

## INTRODUCTION

School buildings are not public forums for purposes of community or political expression. The following sets forth the rules which govern: (1) the use of, or access to, Department of Education school buildings[1] by elected officials, candidates for elective office, or organizations working on behalf of such officials or candidates, both during school and non-school hours; (2) use of school facilities, equipment and supplies for political purposes by school employees, personnel, or staff members and officials;[2] and (3) conduct of school employees, personnel, or staff members and officials with respect to political campaigns and elections.[3]

## I. DURING SCHOOL HOURS

A. Visits By Elected Officials and Candidates for Public Office

Visits by elected officials, including members of Community and Citywide Councils to schools during school hours provide elected leaders with the opportunity to review directly a critical and core municipal function: delivery of public education. Moreover, visits by candidates for elective office serve an important educational function in that they expose students to persons and views with which they should become familiar as informed and responsible citizens who either vote now or will vote some day. In order to ensure that such visits enhance the educational experiences of our students and do not become political events, the following requirements must be adhered to:

1. Subject to the express approval of the school principal, not to be unreasonably withheld, an elected official may visit a school in his or her official capacity. The principal must notify the superintendent and Network Leader when such a request has been granted. However, schools must request and seek to ensure that such visits are not to be used as vehicles for personal political purposes.

2. Subject to the express approval of the school principal, candidates for elective office or elected officials seeking reelection may visit schools during school hours. Requests to visit schools should, whenever possible, be made in writing. The principal must notify the superintendent and Network Leader when such a request has been granted. Such visits should be linked to relevant studies in history, social studies, civics, etc. and serve to further the educational mission of the school. Further, in order to ensure that students receive as much information as possible and to eliminate the possibility that schools be seen as endorsing an individual candidate or particular viewpoint, schools should attempt to expose students to as many different political views as reasonably possible. No visit during school hours shall be permitted or continued if such visit may disrupt the educational school environment.

3. Notwithstanding paragraph(s) I.A.2 above, no candidate for public office, including an elected official seeking reelection, may visit any Department of Education school building during the 60 calendar days prior to a primary and/or election, except as noted in Section I.A.1 above.

---

[1] For purposes of this regulation, the term school building shall include any Department of Education school building or leased school premises.

[2] For purposes of this regulation, the terms "personnel," "employee," or "staff member" include persons working for the New York City Department of Education through community-based organizations under contract (or subcontract) with the New York City Department of Education or with a community school district while performing contract services.

[3] This regulation does not apply to political conduct or activity of students.



**D-130** USE OF SCHOOL BUILDINGS BY CANDIDATES, ELECTED OFFICIALS AND POLITICAL ORGANIZATIONS, AND CONDUCT OF SCHOOL EMPLOYEES AND OFFICERS WITH RESPECT TO POLITICAL CAMPAIGNS AND ELECTIONS

6/22/09

2 of 4

4. The Office of Communications and Media Relations must be notified in advance of any visits by elected officials or candidates for elective office.

B. Use of School Facilities, Equipment and Supplies

School facilities, equipment and supplies may not be used on behalf of any candidate, candidates, slate of candidates, or political organization/committee, except as provided by this regulation.

1. The use of any Department of Education school during school/business hours by any person, group, organization, committee, etc., on behalf of, or for the benefit of any elected official, candidate, candidates, slate of candidates or political organization/committee is prohibited.

2. No rallies, forums, programs, etc., on behalf of, or for the benefit of any elected official, particular candidate, candidates, slate of candidates or political organization/committee may be held in a school building.

3. No material supporting any candidate, candidates, slate of candidates or political organization/committee may be distributed, posted, or displayed in any school building except as noted in Section I.B.4 below:

4. Staff mailboxes and union bulletin boards in schools and district and central headquarters offices are to be used for the following purposes only: (1) by schools and district and central offices for the dissemination of education-related materials and other school-related information; and (2) by the union for the dissemination of union-related materials. Toward that end, the union may:

   a. Place materials advocating the election of a candidate, candidates, slate of candidates or political organization/committee in staff mailboxes.

   b. Post materials advocating the election of a candidate, candidates, slate of candidates or political organization/committee on union bulletin boards located in areas closed to students.

5. Notwithstanding (a) and (b) above, in no event shall materials containing endorsements of candidates for community or citywide councils be distributed in staff mailboxes or posted on union bulletin boards.

6. Parent association bulletins distributed through the children may not contain endorsements of any candidate, candidates, or slate of candidates, including candidates for Community or Citywide Councils or political organization/committee.

7. The principal is responsible for ensuring that unauthorized material is not posted, distributed or displayed.

8. No Department of Education duplicating, communication, electronic or other equipment may be used to produce, reproduce, record, or disseminate information on behalf of any candidate, candidates, slate of candidates or political organization/committee.

C. Conduct of Officers and Employees

1. While on duty or in contact with students, all school personnel shall maintain a posture of complete neutrality with respect to all candidates. Accordingly, while on duty or in contact with students, school personnel may not wear buttons, pins, articles of clothing, or any other items advocating a candidate, candidates, slate of candidates or political organization/committee.

2. Personnel may not be involved in any activities, including fundraising, on behalf of any candidate, candidates, slate of candidates or political organization/committee during working hours.



**D-130**   USE OF SCHOOL BUILDINGS BY CANDIDATES, ELECTED OFFICIALS AND POLITICAL ORGANIZATIONS, AND    6/22/09
CONDUCT OF SCHOOL EMPLOYEES AND OFFICERS WITH RESPECT TO POLITICAL CAMPAIGNS AND
ELECTIONS    3 of 4

3. Any campaigning by any personnel on Department of Education time is strictly prohibited. This extends to the collection of petition signatures and challenging petitions and votes. Electioneering may not be considered "union business" in the case of school, school district, or headquarters staff designated as union representatives.

   a. Campaigning is not considered "personal business" for those personnel who have contractual personal business days. School personnel who absent themselves from duty to participate in such activities, unless otherwise on annual leave, will be deemed to be taking an unauthorized absence from duty and may be subject to disciplinary action.

   b. A personal business day or annual leave day may not be taken to serve in a paid position for the Board of Elections by any school staff member.

   c. A member of a Community or Citywide Council may not (i) use his/her official authority or influence for the purpose of interfering with or affecting the result of an election or a nomination for office; (ii) directly or indirectly coerce, attempt to coerce, or command a Department of Education employee to pay, lend or contribute anything of value to a party, committee, organization, agency, or person for political purposes, or to participate in any campaign; (iii) use Department of Education facilities, equipment (including telephones, fax machines, postage, office supplies), personnel, letterhead, or other Department of Education resources in connection with any political/campaign activities, except as authorized pursuant to Section II (After School Use) of these rules and regulations; (iv) use his or her Department of Education position or title to obtain any advantage in connection with any political/campaign activities; (v) request political contributions or aid in political activities from the community superintendent in the community school district in which the member serves or the secretary to the council on which the member serves; or (vi) target requests for political contributions or aid in political activities from any Department of Education employee or official serving in the community school district in which the Community or Citywide Council member serves. The following activities are targeted requests and are prohibited when made by a Community or Citywide Council member to an employee or official in the community school district served by that member:

      i. any personal requests for contributions (face to face or by telephone);

      ii. fundraising solicitations (mailings) sent to schools or other Department of Education facilities;

      iii. fundraising solicitations (mailings) that identify a Department of Education employee or official by title;

      iv. fundraising solicitations (mailings) using a Department of Education list(s) not available to the public.

   d. Nominees for Community or Citywide Councils are prohibited from accepting political endorsements and campaign contributions.

4. This regulation does not preclude school personnel from discussing or distributing information about election issues in connection with legitimate instructional programs and activities.

## II.   AFTER SCHOOL USE

The use of school buildings during non-school hours is governed by State Education Law Section 414 and implementing procedures contained in the Department of Education's Standard Operating Procedures Manual. All requests for permits to use school buildings during non-school hours must be handled in accordance with those procedures and consistent with the following requirements:



A. The use of any Department of Education school after school/business hours by any person, group, organization, committee, etc., on behalf of, or for the benefit of any elected official, candidate, candidates, slate of candidates or political organization/committee is prohibited, except as indicated in paragraphs II.C and D below.

B. No rallies, forums, programs, etc., on behalf of, or for the benefit of any elected official, candidate, candidates, slate of candidates or political organization/committee may be held in a school building after school/business hours, except as indicated in paragraphs II.C and II.D below.

C. Candidate forums are permitted provided all candidates are invited to participate.

D. Permit applications for candidate forums must include a written representation that all candidates have been invited to participate.

E. No candidate for public office, including an elected official seeking re-election may use any Department of Education school building after school business hours during the 60 calendar days prior to a primary and/or election, except if directly related to the elected official's public duties and responsibilities.

## III. COMPLIANCE

A. Any officer or employee who violates the provisions of this regulation is subject to disciplinary action.

B. No officer or employee may retaliate in any way against another officer, employee, parent, student or any other person who reports wrongdoing.

C. Violations should be reported to *both* offices listed below:

**Special Commissioner of Investigation**
25 Broadway, 8th Floor
New York, NY 10004
212-510-1500

**Office of Legal Services**
52 Chambers Street – Room 308
New York, NY 10007
212-374-6888

## IV. INQUIRIES

Inquiries pertaining to this regulation should be addressed to:

| Telephone: 212-374-6888 | *Office of Legal Services* NYC Department of Education 52 Chambers Street – Room 308 New York, NY 10007 | Fax: 212-374-5596 |
| --- | --- | --- |

