

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Andrea O'Connor**
Labor & Employment Law Division
Phone: 212-356-4015
Fax: 212-356-1148
aoconnor@law.nyc.gov

May 2, 2017

**VIA ECF and FACSIMILE**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
500 Pearl Street, Room 2204
New York, NY 10007

      Re: <u>Bloomberg v. New York City Dept. of Education et al.</u>
         17 Civ. 3136 (PGG)

Dear Judge Gardephe:

   I am the Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent the defendants in the above-referenced action. I write today regarding plaintiff's Memorandum of Law in Further Support of Her Motion for a Preliminary Injunction ("Plaintiff's Reply"). At the May 1, 2017 hearing the Court ordered that, if necessary, defendants may request permission to submit a sur-reply in response to Plaintiff's Reply. For the reasons set below, defendants respectfully request permission to file a sur-reply addressing new factual allegations and legal arguments raised for the first time in Plaintiff's Reply.

   Additionally, defendants respectfully request that they be permitted to submit a supplemental declaration from Charity Guerra for the sole purpose of responding to the Court's inquiry regarding when OSI became aware of plaintiff's complaints regarding sports at PSC.

   In terms of the substance of defendants' proposed sur-reply, defendants seek to explore the following:

1. To the extent not specifically requested by the Court at the May 1, 2017 hearing, the Court must not consider factual allegations and evidence that is presented for the first time in Plaintiff's Reply.

2. <u>Matthews v. City of New York</u>, 779 F.3d 167 (2d Cir. 2015), is by plaintiff's own statements, completely distinguishable from plaintiff's claims. In <u>Matthews</u>, the Court's decision hinged on a finding that the plaintiff's speech was not made

pursuant to his "actual, functional job responsibilities did not include reporting his opinions on precinct-wide quota systems to the precinct commanders." See Matthews, 779 F.3d at 174. In contrast, not only does the January 10, 2017 email on its face demonstrate that the request is being made pursuant to her job duties but plaintiff admits that "[i]t is part of a principal's . . . regular job duties to request sports teams of the PSAL." Plaintiff's Affidavit, dated May 2, 2017, at ¶ 5. Further, in Matthews, the civilian analogue was monthly meetings of the precinct's community council that were open to the public. Here, plaintiff is contending that a leaflet campaign conducted by the PSC PTA is the civilian analogue. If the Court were to accept this argument, it would mean that there is a civilian analogue in almost any situation.

3. Chilling Effect – The only new evidence submitted by plaintiff concerning this argument is an affidavit from plaintiff's counsel, Maria Chickedantz, that recounts conversations she allegedly had with unidentified attendees of yesterday's hearing regarding their alleged "fear" of publically supporting plaintiff. The reliability of this affidavit is suspect given that: (1) the unidentified attendees have already publicly supported plaintiff by attending yesterday's open hearing at which they heard the Court address the deficiency in plaintiff's case with respect her chilling argument; and (2) Ms. Chickedantz has, yet again, inserted herself in to plaintiff's case by generating purported evidence in support plaintiff's claims. If the Court is inclined to consider Ms. Chickedantz's affidavit as evidence of an alleged chill, then defendants respectfully request the opportunity to cross-examine her regarding her affidavit.

4. Adverse Employment Action – plaintiff cites to several cases supposedly for the proposition that an investigation itself is an adverse employment action. All of these cases are distinguishable. In O'Neal v. State Univ. of N.Y., 2006 U.S. LEXIS 81654 (E.D.N.Y. Nov. 7, 2006), the Court found that after the initiation of the investigation "discipline[] was then imminent." In Eldridge v. Rochester City Sch. Dist., 968 F. Supp. 2d (W.D.N.Y. 2013), the Court held that an investigation was an adverse action where the investigation was accompanied by a "veiled threat of involuntary transfer." In Lee v. City of Syracuse, 603 F. Supp. 2d 417 (N.D.N.Y. 2009), the Court held that an investigation stemming from supervisory write-ups was an adverse action where the plaintiff's supervisor was advised to "write her up every time" she lodged a complaint. In Richardson v. New York State Office of Mental Health, 2014 U.S. Dist. LEXIS 106306 (N.D.N.Y. Aug. 4, 2014), the Court, in citing to Lee, found that an investigation coupled with an "interrogation" of the plaintiff after which it was recommended that plaintiff receive "formal written counseling," was adverse.

5. Timeline and OSI Knowledge – As noted above, defendants respectfully that they be permitted to submit a supplemental declaration from Charity Guerra for the sole purpose of responding to the Court's inquiry regarding when OSI became aware of plaintiff's complaints regarding sports at PSC. Further, plaintiff's causal connection argument completely ignores Second Circuit case law which holds that if a defendant can demonstrate by a preponderance of the evidence that it

would have taken the same allegedly adverse action regardless of the protected speech, there is no liability. See Smith v. County of Suffolk, 776 F.3d 114, 119 (2d Cir. 2015). Here, defendants have overwhelmingly shown that they would have – and in fact did – institute the OSI investigation regardless of the alleged protected speech.

6. Chancellor's Regulation D-130 – As this new argument with respect to the constitutionality of D-130 is raised for the first time in reply, and is not alleged in the Complaint, this argument should be disregarded by the Court. If the Court is inclined to consider this argument in connection with plaintiff's motion, defendants can submit additional briefing on this issue.

For the above reasons, defendants respectfully request permission to file a sur-reply to fully address the issues outlined above if the Court believes it necessary. Alternatively, defendants respectfully request that Court entertain oral argument on these issues at the May 3, 2017 appearance. Finally, defendants respectfully request permission to submit a supplemental declaration from Charity Guerra for the sole purpose of responding to the Court's inquiry regarding when OSI became aware of plaintiff's complaints regarding sports at PSC.

                                            Respectfully submitted,
                                                /s/
                                            Andrea O'Connor
                                            Assistant Corporation Counsel

cc:      Maria Chickedantz (by ECF)
           Plaintiff's Counsel