UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

JILL BLOOMBERG,

                                    Plaintiffs,

-against-

THE NEW YORK CITY DEPARTMENT EDUCATION
and CARMEN FARINA,

                                    Defendants.

-------------------------------------------------------------- X

**SUPPLEMENTAL DECLARATION OF CHARITY GUERRA IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Case No. 17 Civ. 3136

        **CHARITY GUERRA** declares, pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

        1. I am an attorney duly admitted to practice within the Courts of the State of New York.

        2. I am presently employed as an attorney in the New York City Department of Education's ("DOE") Office of the General Counsel ("OGC").

        3. I am the Executive Deputy Counsel for Administrative Trials, Compliance and Operations. I report to Howard Friedman, the General Counsel for the DOE. I supervise six units in OGC, which include the Administrative Trials Unit, the Teacher Performance Unit, the Office of Special Investigations, the Office of Auditor General, as well as the Compliance and Commercial units.

        4. I make this affidavit based upon my own personal knowledge, conversations with DOE employees, and records maintained by the DOE.

        5. I submit this supplementary declaration in opposition to plaintiff's motion for a temporary restraining order and preliminary injunction and in response to a question posed

by the Court on May 1, 2017 regarding when the DOE's Office of Special Investigation ("OSI") became aware that plaintiff had complained regarding sports programs at Park Slope Collegiate ("PSC").

6. A full recitation of the facts concerning the OSI investigation pertaining to plaintiff is set forth in my May 1, 2017 Declaration.

7. In addition to those facts set forth in my May 1, 2017 Declaration, on March 13, 2017, the OSI investigator assigned to the complaint filed against plaintiff, Michelle Archie ("Archie"), interviewed the confidential complainant. In advance of this interview, the only materials the OSI investigator had were the documents that the confidential complainant had provided to SCI in December 2016.

8. During this March 13, 2017 interview, the confidential complainant produced a binder that included the December 2016 materials plus additional materials. One such additional document, provided by the confidential complainant to Archie, was a copy of a newsletter issued by the PSC PTA entitled "The PSC Pulse." A copy of the newsletter provided to Archie by the confidential complainant is annexed hereto as Appendix A.

9. The newsletter, dated March 10, 2017, states that an OSI investigation had been instituted against plaintiff and that "[t]his investigation was prompted by a complaint that someone, whose identity isn't known, lodged against her. [Plaintiff] has never shied away from advocating for students by calling out DOE policies and actions that are racist and divisive, and word of this investigation arrived just as our school had been challenging the Public Schools Athletic League and the DOE about the inequality of sports teams in our building." See Appendix A.

10. While the newsletter does not specifically state that it was plaintiff that complained regarding sports programs at PSC, the March 13, 2017 interview with the confidential complainant is the first instance of OSI becoming aware that such a complaint was made.

Dated: New York, New York
        May 3, 2017

                                                                  CHARITY GUERRA