# MIRER MAZZOCCHI SCHALET JULIEN & CHICKEDANTZ, PLLC

ATTORNEYS AT LAW
150 BROADWAY, TWELFTH FLOOR
NEW YORK, NEW YORK 10038

| | | |
|---|---|---|
| JEANNE MIRER | TELEPHONE: (212) 231-2235 | RIA JULIEN |
| KRISTINA MAZZOCCHI | FACSIMILE: (212) 409-8338 | MARIA L. CHICKEDANTZ |
| LIZ SCHALET | | |

EMAIL: jmirer@mmsjlaw.com
INTERNET: www.mmsjlaw.com

July 17, 2017

<u>VIA ECF</u>

Hon Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United
States Court House
Room 705
40 Foley Square
New York, New York 10007

      Re: <u>Bloomberg v. NYCDOE, et al.</u>
         <u>17-cv-03136 (PGG)</u>

Dear Judge Gardephe:

  This firm represents plaintiff Jill Bloomberg in the above-captioned matter. On June 20, 2017, defendants requested a 21 day extension of time to answer, move or otherwise respond to plaintiff's amended complaint from June 21, 2017 to July 12, 2017. On June 21, 2017, plaintiff replied in opposition to defendants' request on the basis that the OSI investigation had expanded beyond the scope of the original investigation to include the targeting of faculty and students, including the interrogations of children of DOE employees not employed at plaintiff's school, further chilling the rights of members of the PSC school community. The Court nonetheless granted defendants' request in its June 22, 2017 Order.

  Not only does the ongoing OSI investigation continue to chill the rights of those within the PSC school community, but as it continues, it increases the likelihood that plaintiff will be impeded from prosecuting her claims. It is rational to assume that by now, the OSI investigation which has mushroomed far beyond the scope of the original allegations against plaintiff into an all-encompassing fishing expedition involving children, their parents, dozens of DOE employees (including DOE employees not employed at plaintiff's school), and non-DOE personnel, has caused potential witnesses to reconsider offering testimony for plaintiff in support of her claims. Moreover, defendants have begun to use the OSI investigation as an end-run to the Federal Rules of Civil Procedure to improperly obtain discovery related to plaintiff's claims and the DOE's

Hon. Paul G. Gardephe
July 14, 2017

defenses in this matter. In short, plaintiff's ability to adequately prosecute her claims in this matter is diminished with each passing day.

Accordingly, plaintiff opposes defendants' continued attempts to delay this matter and view their July 12, 2017 request as a violation of the Court's Order requiring that they file their responsive pleadings no later than July 12, 2017. In addition, several of defendants' bases for their anticipated motion to dismiss involve questions of fact, and are not appropriate to support a motion to dismiss.

## Standard on Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, the allegations in plaintiff's First Amended Complaint, if true, support each of her claims. Defendants' rationale for their anticipated motion to dismiss fails to consider the proper standard.

**I.     Title VI and NYCHRL Retaliation Claims**

"To establish a prima facie case of retaliation, a plaintiff must show: '(1) that [he] participated in protected activity, (2) that [he] suffered an adverse employment action, and (3) that there was a causal connection between [his] engaging in the protected activity and the adverse employment action.'" *James v. Countrywide Fin. Corp.*, 849 F.Supp.2d 296, 310 (E.D.N.Y. 2012)(quoting *Gorzynski v. Jet Blue Corp.*, 596 F.3d 93, 110 [2d Cir. 2010]). "As with discrimination claims, however, plaintiff is not required to plead facts sufficient to establish a prima facie case of Title VII retaliation in order to survive a Rule 12(b)(6) motion to dismiss." *Id.*[1] "Rather, 'the ordinary rules for assessing the sufficiency of a complaint apply.'" *Id.* (quoting *Swierkiewicz v. Sorema,* 534 U.S. 506, at 511 [2002]). This minimal pleading standard has been reaffirmed post-*Iqbal* by the Second Circuit. See *Vega v. Hempstead Union Free Sch. Dist.,* 801 F.3d 72, 84-85 (2d Cir. 2015); see also *Alexander v. Bd. of Educ.,* 648 Fed. Appx. 118, 119 (2d Cir. 2016).

Defendants argue that plaintiff's Title VI and NYCHRL claims are subject to Rule 12(b)(6) dismissal because she has not established an adverse action or causal connection. However, at this stage in litigation, plaintiff has sufficiently alleged both factors.

---

[1] "The same analysis that applies to claims of retaliation under Title VII also applies to claims under Title VI." *Belgrave v. City of New York*, 1999 WL 692034, at *38 (E.D.N.Y. Aug. 31, 1999).

Hon. Paul G. Gardephe
July 14, 2017

*Adverse Action*

Plaintiff alleges that the adverse action taken against her by defendants was the instigation of the OSI investigation, and whether that constitutes an adverse action is a question of fact. "To establish an adverse employment action for the purpose of a retaliation claim, 'a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which **in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination**.'" *Weber v. City of New York*, 973 F.Supp.2d 227, 268 (E.D.N.Y. 2013)(quoting *Fincher v. Depository Trust and Clearing Corp.*, 604 F.3d 712, 721 [2d Cir. 2010])(emphasis added); See also, *Birch v. City of New York*, 184 F.Supp.2d 21 (E.D.N.Y. 2016)("In the Title VII discrimination context, only adverse employment actions that effect a material change in the terms and conditions of employment are actionable… **In contrast, in retaliation cases, all that is required to maintain a claim is to show action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights**."[emphasis added]).

Here, plaintiff has alleged that the OSI investigation against her has had a significant chilling effect over the PSC school community and has dissuaded others from complaining about violations of Title VI. As alleged, plaintiff's First Amended Complaint supports her Title VI retaliation claim. Moreover, it bears highlighting that this Court assumed, for the purpose of plaintiff's motion for preliminary injunction, that the OSI investigation was an adverse action for her Title VI retaliation claim. (May 3, 2017 Transcript, 31).

Defendants' misguided contention that, as a matter of law, an OSI investigation can never constitute an adverse action is contradicted by several decisions in this Circuit, which have consistently decided that the instigation of an investigation is an adverse action for the purpose of establishing a retaliation claim.[2] See *Weber*, cited *supra*, at 270 (since "the commencement of an OEO investigation might 'dissuade a reasonable worker from making or supporting a charge of discrimination,'" it is an "adverse employment action."); *Lee v. City of Syracuse*, 603 F.Supp.2d 417, 436 (N.D.N.Y. 2009)(abrogated on other grounds by *Widomski v. State Univ. of N.Y. at Orange*, 748 F.3d 471 [2d Cir. 2014])(an investigation of an employee constituted an adverse action because "[b]eing investigated by one's employer could deter a reasonable person from complaining about discrimination because investigations can be intrusive and intimidating"); *O'Neal v. State Univ. of N.Y.*, 2006 U.S. Dist. LEXIS 81654 (E.D.N.Y. 2006) (a letter informing plaintiff "that she had to submit to a disciplinary interview and that she was the subject of a disciplinary investigation" was a "materially adverse action" for the purpose of a Title VII retaliation claim); *Richardson v. New York State Office of Mental Health*, 2014 U.S. Dist. LEXIS 106306, at *23-4 (N.D.N.Y. 2014) ("an interrogation and investigation" where the employee was "never disciplined following the interrogation" is an adverse action); *Eldridge v. Rochester City Sch. Dist.*, 968 F.Supp.2d 546 (W.D.N.Y. 2013)("the pressure of an internal

---

[2] On the other hand, *Wright v. Monroe Cmty. Hosp.*, 2011 U.S. Dist. LEXIS 82809 (W.D.N.Y. 2011) is a New York district court case that determined that an investigation did not constitute an adverse action for a retaliation claim, but the *Wright* court reached this conclusion by incorrectly applying the standard for Title VII discrimination rather than retaliation, citing *Lee v. N.Y. State Dep't of Health*, 2001 U.S. Dist. LEXIS 11287, at *45-6.

3

Hon. Paul G. Gardephe
July 14, 2017

investigation, coupled with the threat if an involuntary transfer, could dissuade a reasonable employee from engaging in protected activity [for the purpose of a retaliation claim]" and is therefore an adverse action.)

In short, plaintiff has alleged that the OSI investigation against her would dissuade a reasonable person from coming forward with a similar complaint, and therefore has met her burden of pleading an adverse action under the relevant standard for Title VI retaliation claims.

*Causation*

Plaintiff alleges a causal connection between her participation in protected activity and the adverse action, and, as the Court acknowledged during the May 3, 2017 preliminary injunction hearing, whether the OSI had actual knowledge that plaintiff had participated in protected activity under Title VI is a question of fact, and plaintiff is entitled to discovery on that point. (May 3, 2017 Transcript, 51).

## II.    First Amendment Retaliation Claim

Defendants argue that plaintiff's First Amendment retaliation claim must be dismissed because her protected speech was made in her role as principal of PSC, and not as a private citizen, and that she has not demonstrated causation between the protected speech and an adverse action (for the same reasons as discussed above). However, there are factual issues that require discovery here, including which protected speech formed the basis of the adverse action. Plaintiff alleges that she wrote an email to defendants on January 10, 2017 complaining about segregation and school resources, and that the email was converted into a flyer with the heading "Separate is Never Equal" a few weeks later that was distributed outside the school. Whether at least one of those instances is protected speech made as a private citizen is an issue of fact, and whether complaining about segregation is a "part and parcel" of a principal's job is also a question of fact.

## III.   Due Process

Plaintiff alleges that Chancellor's Regulation D-130 does not prohibit the conduct for which she is currently under investigation, as by its terms it is limited to electoral advocacy. D-130(1)(C) provides that "all school personnel shall maintain a posture of complete neutrality with respect to all candidates." And D-130(1)(B)(2) provides that "no rallies, forums, programs, etc., on behalf of, or for the benefit of any elected official, particular candidate, candidates, slate of candidates or political organization/committee may be held in a school building." The summary description of the subject matter of D-130 also makes it clear that it pertains to activities "with respect to political campaigns and elections." As such, it is a question of fact as to whether the Progressive Labor Party ("PLP") is the type of entity that falls within the scope of D-130.

However, defendants' assertion that plaintiff's conduct "falls within the core of the regulation's prohibition" coupled with the fact that the term "political organization" is not defined within D-130, pushes this issue into one where a person of ordinary intelligence could

4

Hon. Paul G. Gardephe
July 14, 2017

also read D-130 to include non-electoral advocacy, in support of plaintiff's void for vagueness due process claim. "The vagueness doctrine voids on due process grounds a rule that contains "prohibitions [that] are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108, (1972). "The need for notice is at the heart of the vagueness doctrine." *Kramer v. N.Y. City Bd. of Educ.*, 715 F.Supp.2d 335, 356 (E.D.N.Y. 2010). "A punitive enactment is unconstitutionally vague when it (1) does not allow a person of ordinary intelligence a reasonable opportunity to know what is prohibited, or (2) lacks explicit standards, thus permitting arbitrary or discriminatory enforcement." *Id.* (citing *Grayned* at 108-9). "A statute or rule is inadequate under the second criterion when it 'fails to provide sufficiently explicit standards for those who apply it,' and 'impermissibly delegates basic policy matters . . . for resolution on an *ad hoc* and subjective basis.'" *Id.* (quoting *Grayned* at 243). Plaintiff's allegations of defendants' arbitrary and discriminatory enforcement of D-130 against her further supports her due process claim. Plaintiff has alleged several examples of other DOE employees involved with ideological groups at their school who have not been targeted by defendants under D-130. She has also alleged that another DOE employee who complained about race discrimination within the DOE's sports program was similarly retaliated against by defendants.

Plaintiff anticipates moving for a judgment on the pleadings pursuant to FRCP Rule 12(c) on this issue.

## Conclusion

Accordingly, plaintiff opposes defendants' continued delay in this matter, and views defendants' request for a conference and anticipated motion to dismiss as further efforts to delay and impede plaintiff from prosecuting her claims. However, notwithstanding that plaintiff's position is that her allegations are sufficient to sustain her claims at this stage in litigation, if the Court decides to allow defendants the opportunity to engage in unnecessary motion practice in order to attempt to dismiss them, plaintiff requests a conference with the Court in order to tailor defendants' motion to those claims that are appropriate for such a motion, and to discuss her potential Rule 12(c) counter-motion for a judgment on the pleadings of her due process claim.

Respectfully submitted,

Maria L. Chickedantz

cc: All Opposing Counsel, via ECF