# MIRER MAZZOCCHI JULIEN & CHICKEDANTZ, PLLC

ATTORNEYS AT LAW
150 BROADWAY, TWELFTH FLOOR
NEW YORK, NEW YORK 10038
_____

JEANNE MIRER                   TELEPHONE: (212) 231-2235                   RIA JULIEN
KRISTINA MAZZOCCHI             FACSIMILE: (212) 409-8338         MARIA L. CHICKEDANTZ

EMAIL: info@mmsjlaw.com
INTERNET: www.mmsjlaw.com

November 2, 2017

<u>**VIA ECF**</u>

Hon Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United
States Court House
Room 705
40 Foley Square
New York, New York 10007

                              Re:     <u>*Bloomberg v. NYCDOE, et al.*</u>
                                        <u>17-cv-03136 (PGG)</u>

Dear Judge Gardephe:

      This firm represents plaintiff Jill Bloomberg in the above-captioned matter. On October 23, 2017, plaintiff served defendants with a cross-motion for judgment on the pleadings, pursuant to F.R.C.P. 12(c) ("Cross-Motion"). Defendants' response is due November 20, 2017, and plaintiff has agreed to allow defendants more time to respond should they request it.

      Plaintiff respectfully requests leave to amend the supporting affidavit and supporting memorandum of law to her Cross-Motion due to new facts which occurred on October 26, 2017. Implicit in this request is a request that the Court consider material outside the pleadings in determining plaintiff's Cross-Motion. In the alternative, should the Court deny plaintiff's request, plaintiff requests that the Court grant her leave to amend her complaint in order to include the information that occurred after she filed the First Amended Complaint.

      Defendants do not consent to either of plaintiff's requests. Therefore, plaintiff submits this letter jointly with defendants so that the parties can set forth their respective positions. Further, the parties are available for a conference call to discuss the points made in this joint-letter at the Court's request.

*Plaintiff's Position*

On May 19, 2017, plaintiff filed a First Amended Complaint alleging *inter alia*, that the DOE's application of Chancellor's Regulation D-130 ("Political Activity in Schools") against her violated her constitutional rights under an as-applied void-for-vagueness theory, that D-130 by its terms does not encompass the conduct of which plaintiff was accused, and defendant's overly expansive reading of D-130 and arbitrary enforcement of the regulation is unconstitutionally vague. On September 26, 2017, defendants moved to dismiss plaintiff's void-for-vagueness claim on the ground that, *inter alia*, the Court should defer to the DOE's interpretation of D-130.

On October 23, 2017, plaintiff served defendants with her Cross-Motion requesting the Court to determine the applicable scope of D-130, arguing that defendants' application of D-130 is inconsistent with the DOE's prior interpretations of the regulation, as well as the plain meaning of the regulation, and was applied against plaintiff in a manner that is irregular, arbitrary and unfair. Because plaintiff's claim is an as-applied challenge, plaintiff also argues that her constitutional rights continue to be deprived by defendants' expansive reading and irregular application of D-130.

In support of her Cross-Motion, and in addition to the pleadings, plaintiff requests in her Cross-Motion that the Court consider materials annexed to plaintiff's Cross-Motion, including plaintiff's supporting affidavit with additional evidence that occurred after plaintiff filed the First Amended Complaint, because "[u]nder Fed.R.Civ.P. 12(c), the court may consider, in its discretion and upon notice to all parties, materials outside the pleadings." *Sellers v. M.C. Floor Crafters, Inc*., 842 F.2d 639, 642 (2d Cir. 1988)(citation omitted). "If it does so, however, the motion is treated as one for summary judgment under Fed.R.Civ.P. 56." *Id*. (citation omitted). "Rule 12(d) provides that '[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56' and '[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Azkour v. Bowery Residents' Comm., Inc*., 2015 U.S. Dist. LEXIS 36739 (S.D.N.Y., Mar. 23, 2015) *aff'd in part and vacated in part by* 2016 U.S. App. LEXIS 6890 (2d Cir. 2016)(citing F.R.C.P. 12[d]). Contained in plaintiff's Cross-Motion, as an alternative, is a request to the Court that should the Court refuse to consider evidence outside the pleadings in the adjudication of plaintiff's Cross-Motion, that the Court grant plaintiff leave to amend her complaint.

Defendants' argue in this joint letter that the Court should not consider materials outside the pleadings. However, it is within the Court's discretion whether outside materials will be considered in plaintiff's Cross-Motion. See, *Sellers*, cited *supra*. And as stated, due to the fact that much of the events relevant to plaintiff's Cross-Motion occurred after plaintiff filed her First Amended Complaint, should the Court decide not to consider the materials contained in plaintiff's affidavit in support of her Cross-Motion which are outside the pleadings, she requests, in the alternative, that the Court grant her leave to amend her complaint in order to include the new information.

Plaintiff's affidavit in support of her Cross-Motion already includes information outside the pleadings, which occurred after she filed her First Amended Complaint. The amendments that plaintiff requests to include in her affidavit include three (3) factual developments that are material to her Cross-Motion and which occurred three (3) days after plaintiff served defendants with her Cross-Motion:

- On October 26, 2017, spokesperson for the DOE advised the New York Post that Chancellor's Regulation D-130 did not apply to a situation where a Staten Island principal used the school's website and school resources to recruit students to work for the de Blasio campaign. This statement by the DOE to the news media is proof of defendants' arbitrary and irregular administration of D-130, which is an element of plaintiff's void-for-vagueness challenge and leads to the inference that defendants' use of D-130 against plaintiff is unconstitutional viewpoint discrimination.

> "the erratic, unfair and arbitrary administration of policy with regard to speech in schools is as much to be feared as the contents of the policy itself as a source of First Amendment violations… an inference emerges that political views and personal taste are being asserted not in the interests of the children's well-being, but rather for the purpose of establishing those views as the correct and orthodox ones for all purposes in the particular community."

*Pico v. Board of Education*, 638 F.2d 404, 417 (2d Cir. 1980)(The October 26, 2017 New York Post Article is attached hereto as Exhibit 1); and

- On October 26, 2017, in response to questions by the New York Times about how mere investigations into DOE employees can leave a cloud hovering over the school and create a culture of fear, the special commissioner of investigation Richard Condon acknowledged that the investigation into plaintiff was an example of that consequence, noting that the D-130 investigation was "fairly disruptive" to plaintiff's school. Richard Condon's acknowledgment that the D-130 investigation caused and continues to cause a chilling effect over plaintiff and her school is highly material to plaintiff's assertion that the DOE's application of D-130 against her is ongoing. (The October 26, 2017 New York Times Article is attached hereto as Exhibit 2); and

- On October 26, 2017, Colleen Siegel, the OSI's previously confidential complainant, held a meeting with the staff of PSC and advised them that the investigation into "improper political activities" taking place at PSC was ongoing. This fact is relevant because plaintiff asserts that she and PSC staff are afraid to engage in protected speech because no one knows what conduct could be viewed by the DOE as a violation of D-130. This is further evidence that defendants' application of D-130 against plaintiff continues to chill the First Amendment rights of plaintiff and other PSC employees.

These three factual developments are material to plaintiff's Cross-Motion, and took place after plaintiff served defendants with her Cross-Motion papers. In addition, defendants have not yet responded, have until November 20, 2017 to respond, and plaintiff is willing to give them more time should they need it, so they would not be prejudiced by plaintiff's requested amendments.

For the foregoing reasons, it is respectfully requested that the Court grant plaintiff's request to amend her affidavit in support of her Cross-Motion, as well as the supporting memorandum of law by November 9, 2017, or, in the alternative, plaintiff requests leave to amend her First Amended Complaint by November 16, 2017.

*Defendants' Position*

Defendants object to plaintiff's proposed amendments for the following reasons. As plaintiff explains, she has filed her cross-motion pursuant to Rule 12(c). Rule 12(c) provides that after the pleadings are closed a party may move for judgment on the pleadings. See Fed. R. Civ. P. 12(c); *Vasquez v. Mullooly, Jeffrey, Rooney & Flynn LLP*, 2017 U.S. Dist. LEXIS 162416 at *5 (S.D.N.Y. Sep. 30, 2017). Further, the same standard is applied to 12 (c) motions as to motions brought pursuant to Rule 12(b)(6). See *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). When reviewing a Rule 12(c) motion, the court can consider the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case. See *Vasquez*, at *5-6 (quoting *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 [2d Cir. 2011]).

First, it is clear that because the alleged events raised by plaintiff in the proposed amendment did not occur until October 26, 2017, none of the proposed amendments are contained within the Complaint, or can be said to be incorporated by reference into the Complaint. It is of no consequence that plaintiff has already included information in her 12 (c) cross-motion that is outside of the Complaint. Defendants will address the inclusion of that information, if necessary, in their opposition to plaintiff's cross-motion. Second, to the extent that plaintiff is requesting that the Court take judicial notice of these events, or to convert her 12 (c) cross-motion to a motion for summary judgment, defendants submit that such action would be inappropriate as the facts underlying these events would be in dispute if contained within the Complaint and addressed in an Answer.

Third, because defendants have served plaintiff with a motion to dismiss pursuant to Rule 12(b)(6), they have not answered the Complaint and, pursuant to Rule 12, are not required to do so until after defendants' motion is decided. As will be addressed in greater detail in defendants' opposition to plaintiff's cross-motion, when a plaintiff moves pursuant to Rule 12(c) the Court must accept defendants' allegations and defenses as true and view the facts in the light most favorable to defendants. See *Vasquez*, at *5-6 (citing *Richards v. Select Ins. Co.*, 40 F. Supp. 2d 163, 165 [S.D.N.Y. 1999]). Allowing plaintiff to include these allegations in her motion and supporting affidavit, and allowing plaintiff to move on these allegations before defendants have had the opportunity to answer these allegations, would go against the stated procedure and purpose of Rule 12.

Finally, defendants do not consent to plaintiff's request to amend the Complaint at this time. Defendants respectfully submit that such an amendment would be futile because none of these proposed new facts present a claim that would withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); see also *Chimarev v. TD Waterhouse Investor Servs.*, 233 F. Supp. 2d 615, 617 (S.D.N.Y. 2002).

("A proposed claim is futile . . . if it is . . . legally insufficient on its face."). When leave to amend would be futile, that is a sufficient reason to deny the plaintiff leave to amend. *Yaba v. Cadwalader, Wickersham & Taft*, 931 F. Supp. 271, 274 (S.D.N.Y. 1996).

Further, defendants respectfully reserve the right to address any arguments raised by plaintiff in this letter that were added after the receipt of defendants' position.

Respectfully submitted,

_____/s/_____
Maria L. Chickedantz
*Attorney for Plaintiff*


_____/s/_____
Joseph Anci
*Attorney for Defendants*