

| | | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOSEPH ANCI**<br>Senior Counsel<br>Labor & Employment Law Division<br>Phone: (212) 356-1106<br>Fax: (212) 356-2439<br>E-mail: janci@law.nyc.gov |

November 28, 2017

**By ECF**
Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

        Re:  Bloomberg v. The New York City Department of Education and Carmen Farina
            17-CV-3136 (PGG)

Dear Judge Gardephe:

      Defendants submit the following response to plaintiff's request for a pre-motion conference for an anticipated motion to amend the complaint. Additionally, due to the uncertainty created by plaintiff's request, defendants respectfully request an extension of time to serve their reply in further support of their motion to dismiss and their opposition to plaintiff's cross motion from December 4, 2017 to December 21, 2017.

      Defendants object to plaintiff's request for a pre-motion conference, and to plaintiff's proposed motion to amend the complaint for a second time, for the following reasons. First, this matter has already been argued by the parties, See Document No. 58, and decided by the Court, See Document No. 59, as part of plaintiff's prior attempt to amend her opposition to defendants' motion to dismiss and her cross-motion. Defendants respectfully submit, as was also detailed in the parties November 2, 2017 joint letter, that plaintiff's request to amend the Complaint should be denied because the proposed amendment would be futile. None of plaintiff's proposed new facts present a claim that would withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

      Second, defendants are concerned that plaintiff's proposed motion to amend is nothing more than an end run around the Court's denial of plaintiff's motion to amend her cross-motion to include new facts that were not contained within the Complaint. See Document Numbers 58 and 59.

      Finally, in support of her request for a pre motion conference, plaintiff alleges that, "the Court advised plaintiff that she could not amend her pleadings to include new facts that

transpired after the complaint was filed that are highly material to plaintiff's claims and defendants' defenses, and which defendants rely upon in support of their motion to dismiss." See Pl. Nov. 27, 2017 Letter, Document No. 62, p.2. This is not an accurate description of the contents of defendants' motion.

In the statement of facts within defendants' motion to dismiss, there is a sole mention of the result of the OSI investigation. This paragraph reads:

> "On August 28, 2017, OSI issued an Investigative Report finding that: (1) the D-130 allegations of plaintiff recruiting students for the Progressive Labor Party were unsubstantiated; (2) substantiating allegations that plaintiff failed to follow DOE regulations when allowing a documentary to be filmed on school grounds, that plaintiff impermissibly allowed a teacher's father to serve as a substitute teacher without proper authorization or security clearance, and that plaintiff failed to offer a course as required by the State Department of Education; and (3) referring other allegations to the Conflicts of Interest Board. See the August 28, 2017 OSI Investigative Report annexed to the Anci Dec. as Exhibit "E." Plaintiff attended a Technical Assistance Conference on August 31, 2017 and the matter has been referred to DOE's Administrative Trials Unit to determine the appropriate disciplinary action. Id."

This information was merely included in defendants' statement of facts and does not appear anywhere in the argument section of defendants' motion, or is used to support any argument in support of defendants' motion to dismiss. Contrary to plaintiff's assertion, none of the additional facts that plaintiff now seeks to include in her complaint are mentioned in defendants' motion, nor could they have been as all of these new facts occurred after the defendants had already served their motion on plaintiff.

Accordingly, plaintiff's request for a pre-motion conference should be denied, and her request to file a motion to amend her Complaint should be denied.

### **Defendants' Request for an Extension of Time to Reply**

This request to amend the Complaint has placed defendants in a tenuous position regarding their reply and opposition to plaintiff's cross-motion that are due to be filed on December 4, 2017. If plaintiff is permitted to move to amend her Complaint, or to amend her Complaint, then both defendants' motion to dismiss and plaintiff's cross-motion will have to be revised to incorporate the new facts. However, until such a determination is made on plaintiff's request to amend, defendants are, for lack of a better term, in a holding pattern with regard to the drafting of their reply and opposition, and have been in this position since contacted by plaintiff regarding the proposed amendments on November 14, 2017.

Accordingly, defendants respectfully request that the deadline to serve a reply in further support of their motion to dismiss and to oppose plaintiff's cross-motion be extended from December 4, 2017 to December 21, 2017. Should the Court grant plaintiff's request to file a motion to amend, defendants would respectfully request that the Court stay the deadline for defendants to reply and to oppose the cross-motion until after a decision has been issued on the motion to amend.

Thank You for Your consideration herein.

Respectfully submitted,

_____/s/_____
Joseph Anci
Assistant Corporation Counsel

cc:    Maria Chickedantz, Esq. (By ECF)