USDC SDNY
ELECTRONICALLY FILED
DOC #
DATE FILED: 12/28/17

# MIRER MAZZOCCHI JULIEN & CHICKEDANTZ, PLLC

ATTORNEYS AT LAW
150 BROADWAY, TWELFTH FLOOR
NEW YORK, NEW YORK 10038

JEANNE MIRER
KRISTINA MAZZOCCHI

TELEPHONE: (212) 231-2235
FACSIMILE: (212) 409-8338

RIA JULIEN
MARIA L. CHICKEDANTZ

EMAIL: info@mmsjlaw.com
INTERNET: www.mmsjlaw.com

November 27, 2017

MEMO ENDORSED: This application is denied for the reason stated in the Court's November 6, 2017 order (Dkt. No. 59).

SO ORDERED:
Paul G. Gardephe, U.S.D.J.
Dec. 28, 2017

**VIA ECF and FAX**

Hon Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United
States Court House
Room 705
40 Foley Square
New York, New York 10007

Re:   *Bloomberg v. NYCDOE, et al.*
      **17-cv-03136 (PGG)**

Dear Judge Gardephe:

This firm represents plaintiff Jill Bloomberg in the above-captioned matter. We write to request a pre-motion conference for plaintiff's anticipated motion for leave to amend her complaint. Plaintiff's Proposed Second Amended Complaint is attached hereto as Exhibit A.

On September 26, 2017, defendants moved to dismiss plaintiff's First Amended Complaint, which was filed on May 19, 2017 pursuant to the Court's deadline. In support of their motion, defendants included facts outside the pleadings that had transpired after plaintiff filed her First Amended Complaint. However, due to the Court's bundling rule, the Court has not yet read defendants' motion or supporting documents.

On October 23, 2017, in response to defendants' motion, plaintiff served defendants with her opposition as well as her 12(c) cross-motion (the "Cross-Motion") and supporting affidavits and authority. The reason plaintiff decided to move forward with her Cross-Motion (as opposed to merely including her 12(c) arguments in her opposition to defendants' motion to dismiss) was because of new facts that transpired after plaintiff filed her First Amended Complaint, some of which, as mentioned, were also relied upon by defendants in their motion to dismiss. Thus, in support of her Cross-Motion, plaintiff included these new facts in her supporting affidavit—which are of course outside the pleadings. In plaintiff's memorandum in support of her Cross-Motion, plaintiff cites authority supporting her position that the Court has discretion to consider

the new facts that occurred after she filed the First Amended Complaint. But due to the Court's bundling rule, the Court has not yet read plaintiff's Cross-Motion or read any of the supporting authority.

On November 2, 2017, the parties submitted a joint letter regarding plaintiff's request to amend her affidavit in support of her Cross-Motion, on the basis that new facts had transpired after October 23, 2017 that are material to plaintiff's Cross-Motion and the defendants' motion to dismiss. But because defendants opposed plaintiff's request and argued that in general, the Court may not consider material outside the pleadings in determining plaintiff's Cross-Motion, as an alternative, plaintiff included an informal request that plaintiff be permitted to amend the pleadings.

On November 7, 2017, the Court not only denied plaintiff's request to amend her affidavit in support of her Cross-Motion, but made a determination—without reading plaintiff's motion or supporting authority—that plaintiff could not rely on *any* material not contained in the pleadings in support of her Cross-Motion. Moreover, without providing plaintiff an opportunity to provide the Court with supporting authority, the Court advised plaintiff that she could not amend her pleadings to include new facts that transpired after the complaint was filed that are highly material to plaintiff's claims and defendants' defenses, and which defendants rely upon in support of their motion to dismiss.

Therefore, on November 14, 2017, and in an attempt to first resolve the matter between the parties, the undersigned wrote an email to counsel for defendants Joseph Anci advising him of plaintiff's intent to formally move for leave to amend the complaint, and requesting that defendants first consider consenting to the amendments. Defendants agreed to review plaintiff's Proposed Second Amended Complaint (Ex. A), which was provided to them in redline on November 19, 2017. However, on November 22, 2017, Mr. Anci informed the undersigned that defendants would not consent to the amendments.

Therefore, plaintiff now requests a pre-motion conference in anticipation of plaintiff's motion for leave to amend the complaint. It is respectfully submitted that the Court should grant plaintiff's request considering the Second Circuit's liberal reading of Rule 15: "we hew to the liberal standard set forth in Rule 15, which states that '[t]he court should freely give leave to amend when justice so requires.' As we have explained, the 'permissive standard' of Rule 15 'is consistent with our strong preference for resolving disputes on the merits.'" *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (citing F.R.C.P. 15(a)(2) and *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-3 [2d Cir. 2011]). Moreover, the Second Circuit is clear that a court should grant a plaintiff leave to amend her pleadings unless the following factors are present: "undue delay, bad faith, dilatory motive, and futility." *Id.* Here, none of these factors are present, and justice requires the Court to grant plaintiff's request because the amendments include new facts that occurred after plaintiff filed the complaint which are material to the two pending motions. Further, defendants have not yet responded to plaintiff's Cross-Motion or replied to plaintiff's opposition, and the parties are still at an early stage in the litigation.

The Court advised plaintiff that she could not amend the pleadings on the basis that "Plaintiff moved for Judgment on the pleadings on the basis of the First Amended Complaint, and this Court will decide their motion on the basis of that Complaint." (Dkt. 59). But this is incorrect because, as mentioned above, the only reason plaintiff moved forward with her motion for a judgment on the pleadings was because she relied on new facts that occurred after she filed the First Amended Complaint.

For the foregoing reasons, plaintiff respectfully requests a pre-motion conference for her anticipated motion for leave to amend her complaint. Further, it is respectfully submitted that the Court should decide whether to grant or deny plaintiff's request to amend the pleadings based on a full briefing of the matter, because plaintiff's fundamental constitutional rights are at stake.

Respectfully submitted,

/s/
Maria L. Chickedantz
*Attorney for Plaintiff*

Encl.

Cc:   Joseph Anci, Esq.
      Counsel for defendants