# EXHIBIT 3

Q

# Decision No. 12,761

Commissioner's Decisions ▼   Search Decisions

Appeal of ROY E. ALLEN II from action of the Board of Education of the East Irondequoit Central School District regarding the conduct of a budget vote.

Decision No. 12,761

(July 24, 1992)

Mousaw, Vigdor, Reeves, Heilbronner & Kroll, Esqs., attorneys for respondent, Dennis T. Barrett, Esq., of counsel

SOBOL, Commissioner.--Petitioner appeals from the conduct of school district officials prior to a budget vote held by the Board of Education of the East Irondequoit Central School District ("respondent") in June 1991. The appeal must be sustained.

Petitioner is a resident of respondent's district and parent of a child attending respondent's elementary school. On June 4, 1991, petitioner's son brought home three PTA campaign flyers regarding the school budget vote and told his father that he should vote "yes" on propositions #1 and #2 while indicating the candidates he should vote for in the election. When questioned by his father, the child explained that he had ascertained the information from his teachers.

Petitioner alleges that the distribution of partisan materials on school property violates the State Constitution's prohibition against gift giving, and loans of money or property to private individuals or organizations (Article VIII, Section 1). Petitioner contends that students were improperly used by school officials to exhort their positions on the budget vote. Petitioner requests that respondent, therefore, be directed to prohibit the partisan use of school district resources. He also seeks a formal reprimand against respondent for using students to promote partisan goals.

Respondent contends that it did not use students to promote a partisan position and alleges that the communications to petitioner's son concerning the budget vote were made by an inexperienced teacher. Moreover, respondent asserts that it specifically instructed its faculty on the prohibition against using school resources to influence the voters. Respondent also contends that since the campaign flyers distributed to the students were produced exclusively with PTA funds, they were not improper.

Although a board of education may provide informational material to the voters concerning a proposed budget or proposition (Education Law '1716), the Court of Appeals held in Phillips v. Maurer, 67 NY 2d 672, 499 NYS2d 675, that school district funds may not be used to exhort the electorate to support a particular position. Respondent's argument that the PTA simply conveyed information to the voters in the same manner as a school board is authorized to do is without merit. One of the PTA flyers submitted by petitioner

specifically states "support the budget." Although another is primarily informational, the third, while arguably informational, presents the possibility of a contingency budget in such a negative light, I find that it was designed to solicit favorable votes. In any case, I find the flyer seeking support for the budget more than a reminder to vote as respondent contends. Because it urges voters to vote a certain way, I find that the use of district resources to distribute the flyer is unconstitutional (See Phillips, supra). Although I find that the distribution of the PTA flyer under these circumstances is unconstitutional, nothing in this decision restricts PTAs from using a school district's established means of communicating with parents for informational and non-partisan purposes.

The record further indicates that although district funds were not used to print the PTA flyers, the flyers were distributed on school grounds. Respondent argues further that because the PTA flyers were merely distributed to the students on school grounds, there is no violation of the constitutional prohibition against using public funds to exhort a partisan position. However, even the indirect support of a school board to exhort a partisan position has been deemed improper (See Stern v. Kramarsky, 84 Misc. 2d 447, 375 NYS2d 235; Appeal of Weaver, 28 Ed Dept Rep 183). In this case, respondent's attempt to distance itself from the flyers because it did not provide any funding to produce them is inadequate, when it nonetheless gave the PTA access to its established channel of communication to parents to espouse a partisan position that the board itself was prohibited from doing directly. As such, the board lent its imprimatur to the PTA's position on the vote which I find improper.

Because the PTA flyer exhorts a partisan position and indirectly utilizes school district resources to impart that message, respondent is directed to revise its policy on the use of the schoolhouse and grounds pursuant to Education Law '414 to ensure that other parties are restricted in a manner that limits their activities regarding elections to the same extent as the board of education, without affecting the established non-partisan activities.

Although respondent states that both the superintendent and the building administrator advised teachers that they were prohibited from partaking in any partisan activities vis-a-vis school elections, it provides no evidence to support its claim. Because respondent has not provided sufficient evidence to support its claim that it took the appropriate measures to avert such activities, respondent is admonished and directed to take appropriate steps to ensure that the faculty is fully apprised of the prohibition against espousing to students partisan positions on school related matters pending before the voters.

THE APPEAL IS SUSTAINED.

IT IS ORDERED that respondent amend its '414 policy concerning the use of the schoolhouse and its grounds to prohibit the distribution of partisan literature in a manner consistent with this decision.

END OF FILE

# NYS ED .gov

New York State Education Building

## CONTACT US 📞

**NYSED General Information: (518) 474-3852**
ACCES-VR: 1-800-222-JOBS (5627)
TASC (formerly GED): (518) 474-5906
New York State Archives: (518) 474-6926
New York State Library: (518) 474-5355
New York State Museum: (518) 474-5877
Office of Higher Education: (518) 486-3633
Office of the Professions: (518) 474-3817

89 Washington Avenue          P-12 Education: (518) 474-3862
Albany, NY 12234

© 2015 - 2017 New York State Education
Department

# EXHIBIT 4

Q

**Home**   **Appeals** ▼   **Serving Legal Papers**   **Charters and Regents** ▼   **Commissioner's Consents** ▼

**Guidance Documents**   **Rules and Regulations**

# Decision No. 13,643

[ Commissioner's Decisions ▾ ]   [ Search Decisions ]

Appeal of ELAINE NOLAN, AUDREY COOPER, MARIE DEVLIN and ANTHONY CAPPA from action of the Board of Education of the Hempstead Union Free School District relating to the use of school facilities.

Decision No. 13,643

(August 7, 1996)

Berkman, Henoch, Peterson & Peddy, P.C., attorneys for respondent, Gilbert Henoch, Esq., of counsel

SHELDON, Acting Commissioner.--Petitioners appeal from certain policies and practices of the Board of Education of the Hempstead Union Free School District ("respondent") regarding the use of school buildings. The appeal must be dismissed.

To alleviate overcrowding in its district, respondent leased two buildings from the Roman Catholic Diocese of Rockville Centre. The buildings were previously used as a convent and a Catholic school and are located on the same block as a Roman Catholic church. Over the entrance to one of the buildings used for respondent's early childhood center is a cross, approximately three feet tall, inscribed in masonry. Approximately 40 feet away from that entrance, there is a flagpole with a cross attached to the top. Petitioners contend that these religious symbols are constitutionally impermissible on facilities used to provide public instruction.

Petitioners also challenge respondent's policy regarding the use of its public school auditorium facilities by certain groups for which donations may be solicited. Petitioners assert that aspects of that policy violate Education Law '414, alleging that respondent permits commercial and religious organizations to use the facilities and charge admission fees to benefit the organization in violation of statute. Petitioners request an order barring the collection of funds by commercial and religious groups while using public school facilities or directing that any funds collected be strictly accounted for and go to the exclusive use of the public school children. Additionally, petitioners request that I direct that respondent's school facilities not be used for propaganda, or dissemination of political or religious information.

Respondent denies that its policy violates Education Law '414 and asserts that the policy has been properly applied.

Initially, I note that petitioners' claims regarding the religious symbols on school grounds are moot. The record indicates that the symbols have been covered or removed and are no longer visible to the public school children in the leased facilities. The Commissioner of Education will not decide issues which subsequent events have put to rest (Appeal of Goldin, 35 Ed Dept Rep 446).

With respect to the use of public school facilities within respondent's district, Education Law '414(1)(d) provides in pertinent part:

> The trustees or board of education of each district may, .... permit the use of the schoolhouse and rooms therein, ... when not in use for school purposes ... for any of the following purposes: ... d) For meetings, entertainments and occasions where admission fees are charged, when the proceeds thereof are to be expended for an educational or charitable purpose; but such use shall not be permitted if such meetings, entertainments and occasions are under the exclusive control, and the said proceeds are to be applied for the benefit of a society, association or organization of a religious sect or denomination, or of a fraternal, secret or exclusive society or organization ...

Petitioner contends that respondent permits its facilities to be used for events by commercial organizations where the proceeds collected at such events are not expended for education or charitable purposes, but are kept by the commercial organization. In response to that allegation, respondent submits its policy for the use of school facilities which indicates that any organization seeking to use any of its facilities must submit, along with its application, evidence of not-for-profit status. While respondent's policy permits an outside organization to charge an admission fee during the use of school facilities, any such fees collected must be used for educational or charitable purposes. Petitioners submit no evidence of any specific incident wherein such policy was not followed.

Petitioners also contend that respondent has allowed religious groups to use the schoolhouse facilities for occasions under the religious group's exclusive control and have not complied with the admissions fee provision of Education Law '414(1)(d) in that some of the fees collected were not expended for educational or charitable purposes but, instead, were kept for the benefit of the religious organization. However, petitioners submit no evidence that any permitted use has been under the exclusive control of the organization holding the event. To the contrary, respondent submits its guidelines for public use of Hempstead school facilities which contain 13 parameters which appear to vest a large amount of control with respondent school district.

Moreover, even if the schoolhouse facility use was under the complete control of a religious organization, petitioner has not established in the record that respondent failed to comply with the fee provisions of Education Law '414(1)(d). In its answer, respondent submits a "use of facilities" application agreement that must be completed by anyone wishing to use district facilities. On the application applicants must state how the proceeds from the event will be used. With respect to the particular event challenged by petitioner, the application submitted to respondent by the Church for the Art of Living, Inc. indicated that the facility would be used for "a musical and speaking" and that donations would go, in part, to the Hempstead High School Scholarship Fund. Petitioners claim that the proceeds from the event held by the church were not entirely used for the benefit of the scholarship fund. However, respondent denies that allegation, and petitioners submit no evidence to the contrary.

In an appeal to the Commissioner of Education, the petitioner has the burden of proof (Appeal of Pinckney, 35 Ed Dept Rep 461). Because petitioners have not substantiated their claims, they must be dismissed. There is no evidence that respondent has not complied with the provisions of Education Law '414 in their entirety. There is no evidence in the record that respondent has impermissibly permitted commercial use of its facilities or that, where not-for-profit groups have held events on school premises, proceeds have been applied in violation of Education Law '414(1)(d). In this instance, although the application indicates that the proceeds would go "in part to the Hemp[stead] High Scholarship Fund", respondent asserts that the proceeds were applied for a charitable purpose, and petitioners submit no evidence that any of the proceeds were applied improperly for any other purpose. Absent such proof, petitioners' claims must be dismissed.

Finally, petitioners' request for an order banning school use for propaganda/political/religious dissemination must be denied. It is improper for a school district to ban the use of its facilities for permitted topics merely because the presentation would be from a religious perspective (Lamb's Chapel v Center Moriches Union

<u>Free School District</u>, 113 S. Ct. 2141 [1993]). Furthermore, mere controversy is not a permissible basis for the denial of access to a designated or limited public forum (<u>Travis</u> v <u>Owego-Apalachin School District</u>, 927 F2d 688 [2nd Cir. 1991]). It is clear that respondent district has generally allowed the use of its facilities for public speech and for the public discussion of a variety of issues. To bar the discussion of issues deemed by some members of the community as propaganda, political or religious is impermissible.

THIS APPEAL MUST BE DISMISSED.

END OF FILE



**CONTACT US**

**NYSED General Information: (518) 474-3852**
ACCES-VR: 1-800-222-JOBS (5627)
TASC (formerly GED): (518) 474-5906
New York State Archives: (518) 474-6926
New York State Library: (518) 474-5355
New York State Museum: (518) 474-5877
Office of Higher Education: (518) 486-3633
Office of the Professions: (518) 474-3817
P-12 Education: (518) 474-3862

New York State Education
Building
89 Washington Avenue
Albany, NY 12234

© 2015 - 2017 New York State Education Department