17-CV-3136

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JILL BLOOMBERG,

                                            Plaintiffs,

                    -against-

THE NEW YORK CITY DEPARTMENT EDUCATION
and CARMEN FARINA,

                                            Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S CROSS-MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Joseph Anci*
*Tel:  (212) 356-1106*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................ i

**PRELIMINARY STATEMENT** ....................................................................................... 1

**STATEMENT OF FACTS** ................................................................................................ 1

**RELEVANT PROCEDURAL HISTORY** ...................................................................... 2

**ARGUMENT** ...................................................................................................................... 2

    I.  PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS IS
        PROCEDURALLY DEFECTIVE AND PREMATURE ..................................................... 2

    II. PLAINTIFF'S RULE 12 (C) MOTION CANNOT BE CONVERTED TO A
        RULE 56 MOTION FOR SUMMARY JUDGMENT ....................................................... 5

    III. AS SET FORTH IN DEFENDANTS' MOTION TO DISMISS, PLAINTIFF
         FAILS TO ESTABLISH THAT CHANCELLOR'S REGULATION D-130 IS
        UNCONSTITUTIONALLY VAGUE ............................................................................. 6

      A.  The Standards Governing the Vagueness Doctrine Are
          Relaxed When Only Civil Penalties Are Imposed ...................................................... 7

      B.  The Standards Governing the Vagueness Doctrine Are
          Relaxed When the Government Acts As Employer Rather
          Than As a Sovereign .................................................................................................... 8

      C.  When An Agency's Regulation Is Ambiguous, the Court Must
          Defer to the Agency's Interpretation of Its Own Regulation,
          Unless the Regulation is Plainly Erroneous ............................................................... 9

**CONCLUSION** ............................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

ABN 51st Street Partners v. New York,
724 F.Supp. 1142, 1147 (S.D.N.Y. 1989) ............................................................- 7 -

Adams Book Co. v. Ney,
1998 U.S. Dist. LEXIS 12282 at *1, n.1 (E.D.N.Y. June 30, 1998) ......................- 3 -

Arriaga v. Mukasey,
521 F.3d 219, 222 (2d Cir. 2008)..........................................................................- 7 -

Auer v. Robins,
519 U.S. 452, 461 (1997)......................................................................................- 9 -

Christensen v. Harris County,
529 U.S. 576, 588 (2000)....................................................................................- 10 -

Doe v. United States,
419 F.3d 1058, 1061 (9th Cir. 2005) ....................................................................- 5 -

Fischer v. Algers,
2015 U.S. Dist. LEXIS 134999 at *13, n.1 (W.D.C.A. Sept. 21, 2015)...............- 4 -

Foti v. NCO Fin. Sys., Inc.,
424 F. Supp. 2d 643, 653 (S.D.N.Y. 2006)...........................................................- 4 -

Gordon v. Griffith,
88 F.Supp.2d 38, 51 (E.D.N.Y. 2000) ..................................................................- 9 -

Hellstrom v. U.S. Dep't of Veterans Affairs,
201 F.3d 94, 97 (2d Cir.2000)..............................................................................- 6 -

In re Villegas,
132 B.R. 742, 745 (B.A.P. 9th Cir. 1991) ............................................................- 5 -

Kirkpatrick v. Washingtonville,
2011U.S. Dist. LEXIS 40097 *14 (S.D.N.Y. 2011)............................................- 9 -

Kramer v. N.Y. City Bd. of Educ.,
715 F.Supp 2d 335 (E.D.N.Y. 2010) ....................................................................- 8 -

Lamon v. Sandidge,
    2012 U.S. Dist. LEXIS 44814 at *2, n.1 (S.D. Ill. Mar. 30, 2012).........................- 4 -

Leopona, Inc. v. Cruz for President,
    2016 U.S. Dist. LEXIS 89706 at *6 (W.D.W.A. July 11, 2016)............................- 4 -

Lifetree Trading PTE., LTD. v. Washakie Renewable Energy, LLC,
    2015 WL 3948097, at *6 (S.D.N.Y. June 29, 2015)............................................- 6 -

Marchi v. Bd. of Coop. Educ. Servs. of Albany,
    173 F.3d 469, 480 (2d Cir. 1999)............................................... - 6 -, - 8 -

Nealy v. Berger,
    2009 U.S. Dist. LEXIS 20939 at *4, n.4 (E.D.N.Y. Mar. 16, 2009) .....................- 3 -

New York City C.L.A.S.H v. City of New York,
    315 F. Supp. 2d 461, 484 (S.D.N.Y. 2014)................................... - 6 -, - 7 -

Norcal Gold, Inc. v. Laubly,
    543 F. Supp. 2d 1132, 1135 (E.D.C.A. Feb. 1, 2008)..........................................- 5 -

Pelosi v. Spota,
    607 F. Supp. 2d 366, 369, n.1 (E.D.N.Y. Mar. 10, 2009)....................................- 3 -

Richardson v. Hellmuth, Obata & Kassabaum, Inc.,
    2011 U.S. Dist. LEXIS 114262 at *3 (E.D.Mo. Oct. 4, 2011) ............................- 5 -

Stern v. City of New York,
    2015 U.S. Dist. LEXIS 25667 at *5-6 (E.D.N.Y. Feb. 27, 2015) .........................- 3 -

Taylor v. Vt. Dep't of Educ.,
313 F.3d 768 (2d Cir. 2002)............................................... - 6 -, - 10 -

Wahoo Int'l, Inc. v. Phix Doctor, Inc.,
    2014 U.S. Dist. LEXIS 86769 at *2, n.1 (S.D.C.A. June 24, 2014).....................- 4 -

Ward v. Am. Red Cross,
    2013 U.S. Dist. LEXIS 83654 at (N.D. Tex. June 14, 2013)................................- 4 -

Waters v. Churchill,
    511 U.S. 661, 671 (1994)....................................................................- 8 -

Weingarten v. Board of Education,
    680 F.Supp.2d 595 (S.D.N.Y. 2010).......................................................- 10 -

**Statutes**

Fed. R. Civ. Pro. 12 (c) ............................................................................................- 2 -

Fed. R. Civ. Pro. 7 (a) ............................................................................................- 2 -

## PRELIMINARY STATEMENT

Plaintiff, a Principal currently employed by the New York City Department of Education ("DOE") at Park Slope Collegiate Secondary School ("PSC"), brings this motion for partial judgment on the pleadings pursuant to Federal Rule 12 (c), seeking declaratory judgment that the defendant Department of Education's ("DOE") regulation D-130 applies only to partisan, electoral political advocacy and to prevent DOE and defendant Carmen Farina ("Farina")(collectively, the "Defendants") from enforcing D-130 in the future.

Defendants oppose plaintiff's cross-motion for the following reasons.  First, plaintiff's cannot seek relief under Federal Rule 12 (c) because the pleadings have not closed. Defendants filed a motion to dismiss in lieu of an answer, therefore plaintiff's 12 (c) motion is procedurally defective and premature.  Second, no discovery has been conducted in this case, therefore, plaintiff's request to convert her 12 (c) cross-motion into a motion for summary judgment should be denied.  Finally, assuming, without conceding, that plaintiff's cross-motion is not procedurally defective or premature, plaintiff fails to demonstrate that DOE Regulation D-130 is unconstitutionally vague under Fourteenth Amendment Due Process analysis or that she is entitled to the declaratory relief that she seeks.

Accordingly, for the reasons outlined below, Defendants respectfully request that the Court grant deny plaintiff's cross-motion in its entirety.

## STATEMENT OF FACTS

The Court is respectfully referred to the Defendants' Statement of Facts contained in Defendants Memorandum of Law in Support of their Motion to Dismiss, dated September 8, 2017 for a statement of pertinent and material facts relevant to this opposition.

## RELEVANT PROCEDURAL HISTORY

Plaintiff filed her Amended Complaint in this action on May 23, 2017. <u>See</u> ECF Document No. 39.  On July 12, 2017, Defendants filed a letter motion pursuant to the Court's Individual Rules requesting a pre-motion conference regarding the Defendants anticipated motion to dismiss the amended complaint.  <u>See</u> ECF Document No. 48.  The Court granted Defendants' request for a pre-motion conference on July 21, 2017, <u>see</u> ECF Document No. 50, and pre-motion conference was held on July 25, 2017.  <u>See</u> ECF Document Nos. 50, 51.

Defendants served their motion to dismiss on plaintiff's counsel on September 8, 2017.  On October 23, 2017, plaintiff served her opposition to Defendants' motion to dismiss, and served her cross-motion for judgment on the pleadings pursuant to Rule 12 (c).  Defendants now submit this opposition to plaintiff's cross-motion for judgment on the pleadings pursuant to Rule 12 (c).

## ARGUMENT

### POINT I

### PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS IS PROCEDURALLY DEFECTIVE AND PREMATURE

Pursuant to Federal Rule 12 (c), "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  <u>See</u> Fed. R. Civ. Pro. 12 (c).  A pleading is defined by Federal Rule 7 (a) as, "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."  <u>See</u> Fed. R. Civ. Pro. 7 (a).

Here, pursuant to the Court's Individual Rules, Defendants served a motion to dismiss the complaint pursuant to Rule 12 (b) on plaintiff on September 8, 2017.  Pursuant to the Individual Rules of this Court, the filing of Defendants' pre-motion letter a motion to dismiss has stayed the deadline for the Defendants to file an answer.  See Rule IV (A) of United States District Judge Paul G. Gardephe's Individual Rules ("[S]ubmission of a pre-motion letter concerning a motion to dismiss will stay the defendant's time to answer or otherwise move with respect to the complaint.")  Accordingly, Defendants have not filed an answer and are not required to file an answer due to the service of Defendants' September 8, 2017 motion to dismiss.  Therefore, the pleadings are not closed in this matter, and, therefore, plaintiff's motion for judgment on the pleadings should be dismissed as premature.

Indeed, it is well settled that a Rule 12 (c) motion cannot be filed until after an answer has been filed.  See Adams Book Co. v. Ney, 1998 U.S. Dist. LEXIS 12282 at *1, n.1 (E.D.N.Y. June 30, 1998)("Because no answer has been filed in this action, this motion, insofar as it is predicated upon Fed. R. Civ. P. 12(c), is premature."(quoting Wright & Miller, 5A Federal Practice and Procedure § 1367, "After the pleadings are closed . . . any party may move for judgment on the pleadings….defendant may not move under Rule 12(c) until after he has answered")); see also Stern v. City of New York, 2015 U.S. Dist. LEXIS 25667 at *5-6 (E.D.N.Y. Feb. 27, 2015)(converting defendant's Rule 12 (c) motion to a Rule 12 (b)(6) because no answer had been filed); Nealy v. Berger, 2009 U.S. Dist. LEXIS 20939 at *4, n.4 (E.D.N.Y. Mar. 16, 2009)("Defendants moved to dismiss the action under both Rule 12(b)(6) and Rule 12(c); however, the Court will treat the motion as one under Rule 12(b)(6) and analyze the motion under that standard, since no answer has been filed by either defendant."); Pelosi v. Spota, 607 F. Supp. 2d 366, 369, n.1 (E.D.N.Y. Mar. 10, 2009)(Although framed as a motion for

judgment on the pleadings under Rule 12(c), the Court will treat the motion as one under Rule 12(b)(6) and analyze the motion under that standard, since no answer has been filed.); <u>Foti v. NCO Fin. Sys., Inc.</u>, 424 F. Supp. 2d 643, 653 (S.D.N.Y. 2006) (treating Rule 12(c) motion to dismiss an amended complaint as a Rule 12(b)(6) motion to dismiss, since no answer to the amended complaint had been filed).

District Courts in other Circuits have reached the same conclusion that a party cannot obtain relief pursuant to a Rule 12 (c) motion if an answer has not been filed.  <u>See Leopona, Inc. v. Cruz for President</u>, 2016 U.S. Dist. LEXIS 89706 at *6 (W.D.W.A. July 11, 2016)("As an initial matter, the Court DENIES Defendants' motion to the extent that it was brought under [Rule 12 (c)]. As Defendants should be aware, such a motion is premature given that no Answer has been filed in this matter."); <u>Fischer v. Algers</u>, 2015 U.S. Dist. LEXIS 134999 at *13, n.1 (W.D.C.A. Sept. 21, 2015)("Even if Defendants' MSJ had not been granted, the MJOP would have been denied because no answer has been filed. See Fed. R. Civ. P. 12(c) (motion for judgment on pleadings can be made only "[a]fter the pleadings are closed")"); <u>Wahoo Int'l, Inc. v. Phix Doctor, Inc.</u>, 2014 U.S. Dist. LEXIS 86769 at *2, n.1 (S.D.C.A. June 24, 2014)("In this case, the pleadings have not closed since no answer has been filed. Accordingly, Defendant may not move pursuant to Rule 12(c)"); <u>Ward v. Am. Red Cross</u>, 2013 U.S. Dist. LEXIS 83654 at (N.D. Tex. June 14, 2013)("A "defendant may not move under Rule 12(c) prior to filing an answer." As no answer has been filed by Defendants, their Rule 12(c) motion is premature, and judgment on the pleadings is not appropriate at this juncture."); <u>Lamon v. Sandidge</u>, 2012 U.S. Dist. LEXIS 44814 at *2, n.1 (S.D. Ill. Mar. 30, 2012)(A motion for judgment on the pleadings under Rule 12(c) is used only after the pleadings close.); <u>Richardson v. Hellmuth, Obata & Kassabaum, Inc.</u>, 2011 U.S. Dist. LEXIS 114262 at *3 (E.D.Mo. Oct. 4,

2011)(Since no answer has been filed in this case, no Rule 12(c) motion can be decided.); Norcal Gold, Inc. v. Laubly, 543 F. Supp. 2d 1132, 1135 (E.D.C.A. Feb. 1, 2008)("Accordingly, because [defendant][has] not answered the United States' cross-claim, Rule 12(c) does not permit the United States to move for judgment on the pleadings."); Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005) (holding that Rule 12(c) motion is premature if no answer has been filed); In re Villegas, 132 B.R. 742, 745 (B.A.P. 9th Cir. 1991) ("Pleadings are not closed until at least an answer has been filed …. Judgment on the pleadings may not be entered where no answer has been filed.").

Accordingly, because no Answer has been filed by Defendants, and because no Answer is due to be filed until after a decision is issued on Defendants' pending motion to dismiss; plaintiff's motion for judgment on the pleadings pursuant to Rule 12 (c) must be denied as procedurally defective and premature.

## POINT II

### PLAINTIFF'S RULE 12 (C) MOTION CANNOT BE CONVERTED TO A RULE 56 MOTION FOR SUMMARY JUDGMENT

Plaintiff posits that the Court can treat her cross-motion for judgment on the pleadings as one for summary judgment.  See Pl. Oct. 23, 2017 Mem., pgs. 9-10. However, plaintiff has already expressly requested that the Court convert this cross-motion into a motion for summary judgment, and that request was summarily denied.  See November 7, 2017 Order, Document No. 59 ("ORDER denying [58] Letter Motion to Continue. Plaintiff's application is denied. Plaintiff's Cross-Motion for Judgment on the pleadings will not be converted into a Rule 5.6 motion for Summary Judgment. There has been no discovery in this case and pre-discovery motions for Summary judgment are disfavored in this Circuit See, e.g. Lifetree Trading PTE.,

LTD. v. Washakie Renewable Energy, LLC, 2015 WL 3948097, at *6 (S.D.N.Y. June 29, 2015) see also Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir.2000)."

No discovery has been conducted in this case and Defendants' motion to dismiss is still pending. Accordingly, the Court's November 7, 2017 Order still controls and plaintiff's request to convert her cross-motion into a motion for summary judgment should be denied.

## POINT III

### AS SET FORTH IN DEFENDANTS' MOTION TO DISMISS, PLAINTIFF FAILS TO ESTABLISH THAT CHANCELLOR'S REGULATION D-130 IS UNCONSTITUTIONALLY VAGUE

Assuming, without conceding, that plaintiff's cross-motion pursuant to Rule 12(c) is neither procedurally defective nor premature, her motion still fails for the reasons set forth in Point II of Defendants' September 9, 2017 motion to dismiss.  To assist the Court, Defendants' argument from their motion to dismiss is reproduced below.

Plaintiff claims that Chancellor's Regulation D-130 ("D-130") is unconstitutionally vague, and, therefore, the OSI investigation into plaintiff's alleged violation of D-130, violates plaintiff's due process rights.  Plaintiff's vagueness challenge fails for the following reasons: (1) if a Regulation only imposes civil penalties, "the standards governing the vagueness doctrine are relaxed", see New York City C.L.A.S.H v. City of New York, 315 F. Supp. 2d 461, 484 (S.D.N.Y. 2014); (2) the standards of vagueness are considerably more relaxed when the government is acting as employer, see Marchi v. Bd. of Coop. Educ. Servs. of Albany, 173 F.3d 469, 480 (2d Cir. 1999); and (3) when a regulation is ambiguous, the court must defer to the agency's interpretation of its own regulation, unless that interpretation is plainly erroneous, see Taylor v. Vt. Dep't of Educ., 313 F.3d 768 (2d Cir. 2002).

**A.      The Standards Governing the Vagueness Doctrine Are Relaxed When Only Civil Penalties Are Imposed**

The Second Circuit has overwhelmingly supported the notion that when challenged laws impose only civil penalties, the vagueness doctrine standards are considerably relaxed.  See C.L.A.S.H, 315 F. Supp. 2d at 484.  More specifically, the language of the challenged law need not be as clear and precise as the language of penal codes.  See id. The vagueness doctrine requires that "a *penal* statute define the *criminal* offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement."  See Arriaga v. Mukasey, 521 F.3d 219, 222 (2d Cir. 2008) (citation omitted) (emphasis added).

Accordingly, "[t]he void for vagueness doctrine is chiefly applied to criminal legislation.  Laws with civil consequences receive less exacting vagueness scrutiny."  Id. at 222–23.  For example, the Southern District has stated, "[e]conomic regulations which impose civil penalties are subject to a less strict vagueness test." See ABN 51st Street Partners v. New York, 724 F.Supp. 1142, 1147 (S.D.N.Y. 1989) (internal quotations omitted).  Because any possible penalty that could be imposed as a result of a violation of D-130 would, at most, equate to a civil consequence, the Court should apply rational basis analysis when reviewing D-130 for vagueness.  C.L.A.S.H., 315 F.Supp.2d at 484 (plaintiff's claims that the city amendment did not specifically define certain terms and was therefore unconstitutionally vague were meritless after the court applied rational basis review; rational basis review was applied because the court "found no basis upon which to employ a heightened level of scrutiny").  Similarly, D-130 cannot be void for vagueness for the reason that, as alleged by plaintiff, it did not specifically define "political parties."  D-130 will pass rational basis review since it is sufficiently clear as to its meaning.

Plaintiff claims that D-130 is void for vagueness because it does not specifically cite prohibited conduct, and, in the Complaint, she cites Kramer v. N.Y. City Bd. of Educ., 715 F.Supp 2d 335 (E.D.N.Y. 2010), in support of her contention.  However, her reliance on Kramer is misplaced.  In Kramer, the court determined that there was no cited policy that prohibited plaintiff's action.  Conversely, here D-130 expressly addresses the issues underlying the OSI investigation of plaintiff's alleged actions.  In Kramer, the allegation investigated by OSI was corporal punishment, OSI ultimately charged plaintiff with verbal abuse under the chancellor's regulations, and defendants conceded on summary judgment that the language at issue in Kramer was not expressly prohibited by any regulation.  Here, on the other hand, D-130, in plain language states, "School buildings are not public forums for purposes of community or political expression."  See Chancellor's Regulation D-130.  Accordingly, D-130 reasonably informed plaintiff, or any DOE employee, of conduct that would be in violation of D-130.  Therefore, Kramer is distinguishable from the instant case, and should not be heavily weighted in determining whether D-130 is void for vagueness.

**B.     The Standards Governing the Vagueness Doctrine Are Relaxed When the Government Acts As Employer Rather Than As a Sovereign**

It is well established that the standards of vagueness are further relaxed when the government-school is acting as an employer.  See Marchi v. Bd. of Coop. Educ. Servs. of Albany, 173 F.3d 469, 480 (2d Cir. 1999); see also Waters v. Churchill, 511 U.S. 661, 671 (1994) ("the government as employer indeed has far broader powers than does the government as sovereign.").  Defendants submit that plaintiff's vagueness claims against DOE fail because D-130 would pass this relaxed level of scrutiny.  Additionally, analysis of the alleged vagueness of D-130 should be handled with leniency.  "A school is not required to state expressly all types of objectionable conduct in order to place teachers on notice that some conduct is sanctionable."

See Kramer, 715 F.Supp.2d at 356.   Furthermore, when it comes to explicitly defining all proscribed conduct, "courts have granted schools, acting in their capacity as employers, significant leeway."  See Marchi, 173 F.3d at 480 (with regard to schools, "precise delineation of sanctionable conduct is close to impossible.").

Moreover, plaintiff's mention in her third cause of action that DOE's application of D-130 violated her right to free speech is meritless.  "Broader speech restrictions [are] allowed when imposed by government as employer and not as sovereign."  See Gordon v. Griffith, 88 F.Supp.2d 38, 51 (E.D.N.Y. 2000) (finding that discharging employees because of their political speech was a practical decision).  Similarly, D-130, which seeks to restrict political speech by DOE teachers in public schools, was made through practical considerations.  Because, "the government as employer may regulate its employees' speech to a far greater extent than it may regulate the public's speech," broad speech restrictions would apply to D-130.  See Kirkpatrick v. Washingtonville, 2011 U.S. Dist. LEXIS 40097 *14 (S.D.N.Y. 2011).

Accordingly, because D-130 is sufficiently clear about what conduct is proscribed – that School buildings are not public forums for purposes of community or political expression – and because a more liberal vagueness standard applies to DOE, plaintiff's first cause of action must be dismissed.

## C.   When An Agency's Regulation Is Ambiguous, the Court Must Defer to the Agency's Interpretation of Its Own Regulation, Unless the Regulation is Plainly Erroneous

Even if the language of D-130 is found to be ambiguous, D-130 would not be void for vagueness because the Supreme Court and the Second Circuit have acknowledged that courts should defer to an agency's interpretation of its own regulation.  See Auer v. Robins, 519 U.S. 452, 461 (1997) (finding that the Secretary of Labor's interpretation of his own regulation was "controlling unless plainly erroneous or inconsistent with D-130."); see also Christensen v.

Harris County, 529 U.S. 576, 588 (2000) ("Auer deference is warranted only when the language of the regulation is ambiguous"); Taylor v. Vt. Dep't of Educ., 313 F.3d 768 (2d Cir. 2002) ("[t]o the extent that there is ambiguity, we may look to how the federal Department of Education has construed its own regulation.").

Plaintiff baldly maintains, without any factual or legal support, that references to "political organizations" within D-130 only apply to partisan politics and, therefore, D-130 is not applicable to the allegations against plaintiff.   In her Complaint, plaintiff cites to Weingarten v. Board of Education, 680 F.Supp.2d 595 (S.D.N.Y. 2010) as support for this position.  Plaintiff's reliance on Weingarten is misplaced.

Contrary to plaintiff's assertions, at no point in Weingarten was it determined that D-130 only applies to partisan politics.  The only issue decided in Weingarten, was that the defendants' ban on teachers wearing political buttons does not violate of the First Amendment. At no point in Weingarten did Judge Kaplan hold, or express in dicta, that D-130 only applied to partisan politics.

Further, Judge Kaplan recognized that one of the rationales for D-130, as stated by then Chancellor Joel Klein, was that, "[d]isplays of political partisanship by teachers in the schools, particularly in the classroom to a captive audience of students, are inconsistent with our educational mission…[P]olitical paraphernalia in schools…may improperly influence children and impinge on the rights of students to learn in an environment free of partisan political influence.  Furthermore, "[p]artisan political activity by staff in the presence of students . . . sends the message that the view expressed carries the support of the school system."  See Weingarten v. Board of Education, 680 F.Supp.2d at 597-98.  This intention falls within the well-settled provision that the governing boards of public schools are constitutionally permitted,

within reason, to regulate the speech of teachers in the classroom for legitimate pedagogical reasons.   See Weingarten v. Board of Education, 680 F.Supp.2d at 599-600 (citing Hazelwood School District v. Kuhlmeier, 484 U.S. 260 (1988)).   Further, this intention restates what is clear from the fact of D-130 – that School buildings are not public forums for purposes of community or political expression.

Even if plaintiff's claim that D-130 is ambiguous has merit, which defendants do not concede that it does, the claim should be dismissed because the Court must defer to the DOE's interpretation of their own regulation, once that interpretation is not clearly erroneous. The DOE's interpretation of D-130 as referring to political partisanship, including partisan political activity, is not a clearly erroneous interpretation of D-130, as the introduction of D-130 states that "political expression" is prohibited in the school building.   Therefore, the court must defer to the DOE's interpretation of D-130, thereby dismissing plaintiff's claim that D-130 is void for vagueness.

For the foregoing reasons, plaintiff's cross-motion for judgment on the pleadings should be denied.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' forthcoming reply in further support of their motion to dismiss, Defendants respectfully request that the Court deny plaintiff's cross-motion for judgment on the pleadings; grant Defendants' motion to dismiss plaintiff's first, second and third causes of action and that these causes of action be dismissed with prejudice; that judgment be entered for Defendants; and that Defendants be granted costs, fees, and expenses together with such other and further relief as this Court deems just and proper.

Dated:        New York, New York
              July 31, 2018

                    ZACHARY W. CARTER
                    Corporation Counsel of the
                       City of New York
                    Attorney for Defendants
                    100 Church Street, Room 2-123
                    New York, New York 10007
                    (212) 356-1106
                    janci@law.nyc.gov


              By:   _____/s/_____
                    Joseph Anci
                    Assistant Corporation Counsel