UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JILL BLOOMBERG,

              Plaintiff,

- against -

THE NEW YORK CITY DEPARTMENT
OF EDUCATION and CARMEN FARINA,

              Defendants.

**ORDER**

17 Civ. 3136 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In a September 23, 2021 order (the "Order"), this Court denied Plaintiff Bloomberg's motion to amend the Complaint. (Dkt. No. 108) Plaintiff has moved for reconsideration of the Order as it pertains to her Title VI retaliation claim. (Mot. for Reconsideration (Dkt. No. 109))

        Plaintiff argues that "this Court committed clear error in determining that a Title VI plaintiff is required to plead program specific federal funding in order [to] state a claim [for retaliation]." (Pltf. Reconsideration Br. (Dkt. No. 111) at 1)[1] According to Plaintiff, this Court, "addressed Plaintiff's claim as if it was a claim for employment discrimination," when in fact Plaintiff is claiming that she suffered retaliation at work after complaining that her students' rights under Title VI had been violated. (Id. at 4-5) Plaintiff goes on to argue that, in rejecting her motion to amend, this Court overlooked the Civil Rights Restoration Act of 1987 (the "CRRA"). (Id. at 8)

        The CRRA amended Title VI's definition of "program or activity" as follows:

---

[1] The page numbers of documents referenced in this order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

> For the purposes of [Title VI of the Civil Rights Act of 1964], the term "program or activity" and the term "program" mean all of the operations of – (1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or (B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government; (2)(A) a college, university, or other postsecondary institution, or a public system of higher education; or (B) a local educational agency (as defined in section 198(a)(10) of the Elementary and Secondary Education Act of 1965), system of vocational education, or other school system. . . .

Civil Rights Restoration Act of 1987 Pub. L. No. 100-259, § 6, 102 Stat. 28 (Mar. 22, 1988).

The parties have not adequately briefed the issue of how the CRRA affects the pleading standard for a Title VI retaliation claim where plaintiff alleges that she suffered retaliation at work after complaining that others' rights under Title VI had been violated. Accordingly, the parties will submit supplemental briefing addressing how and to what extent Title VI's definition of "program or activity" – as amended by the CRRA (see 42 U.S.C. § 2000d-4a) – affects the pleading standard articulated in Verdi v. City of New York, 306 F. Supp. 3d 532 (S.D.N.Y. 2018) and in this Court's September 23, 2021 Order.  In particular, the parties will address how the CRRA affects the requirement that a plaintiff allege a factual nexus between the use of federal funds and the discriminatory practices complained of.

Given that the factual background of this case is set forth in detail in this Court's September 23, 2021 Order and September 24, 2019 Opinion, the parties need not address the factual background in their supplemental briefing.  (See Sept. 23, 2021 Order (Dkt. No. 108) at 2-10; Sept. 24, 2019 Opinion (Dkt. No. 89) at 2-12)  Instead, the supplemental briefing should focus on the legal question described above, citing relevant case law.

On a motion for reconsideration, the movant bears the heavy burden of showing that the Court overlooked "'controlling decisions'" which might reasonably have led to a different result.  See Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (quoting Shamis

v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)). Accordingly, Plaintiff must cite case law satisfying this standard.

The parties' briefing should address, inter alia, the applicability of the following cases in determining the appropriate pleading standard for a Title VI retaliation claim in the context of this case: Hickey v. Myers, 2010 WL 786459 (N.D.N.Y. Mar. 2, 2010) (Title VI retaliation standard); Lopez v. Webster Cent. Sch. Dist., 682 F. Supp. 2d 274 (W.D.N.Y. 2010) (sufficiency of allegations related to defendants' receipt of federal funds); New York Urb. League, Inc. v. Metro. Transp. Auth., 905 F. Supp. 1266 (S.D.N.Y.), vacated on other grounds, 71 F.3d 1031 (2d Cir. 1995) (applicability of Title VI to a state agency); Peters v. Jenney, 327 F.3d 307 (4th Cir. 2003) (private right of action for retaliation under Title VI); Horner v. Kentucky High Sch. Athletic Ass'n, 43 F.3d 265 (6th Cir. 1994) (Civil Rights Restoration Act and the definition of "program or activity" under Title IX).

The supplemental briefing will be filed according to the following schedule:

(1) Plaintiff's supplemental brief is due by January 4, 2023; and

(2) Defendants' supplemental brief is due by January 11, 2023.

Dated: New York, New York
December 20, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge